UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

C.B.W. (XXX-XX-1662)           CIVIL ACTION NO. 16-cv-1375

VERSUS           JUDGE FOOTE

U. S. COMMISSIONER SOCIAL SECURITY           MAGISTRATE JUDGE HORNSBY
ADMINISTRATION

## REPORT AND RECOMMENDATION

**Introduction**

C.B.W. ("Plaintiff") was born in 1952, has a high school education, and has work experience in a lumber mill and a chicken processing plant. He had a heart attack that has left him with chest pains and related limitations. He quit working in January 2014 and applied for disability benefits.

ALJ Charles Lindsay conducted a hearing and issued a written decision. He found that Plaintiff was not disabled because he could perform the demands of one of his prior jobs, a sizer grader in a lumber mill, and the Appeals Council denied a request for review. Plaintiff filed this civil action to request the limited judicial review allowed by 42 U.S.C. § 405(g). He complains that the ALJ and a vocational expert improperly characterized his prior job as less demanding than it really was. For the reasons that follow, it is recommended that the Commissioner's decision be affirmed.

**Determination of Disability**; the **Five-Step Process**

The Social Security Act entitles certain persons to disability benefits or supplemental security income benefits if they are disabled within the meaning of the law. The Act defines disabled persons as those who are unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. The Act requires the Commissioner to establish by regulation uniform standards for the adjudication of claims.

Disability Insurance Benefits (Part 404) eligibility and amount are tied to the applicant's earnings history. Supplemental Security Income or SSI (Part 416) has no minimum earnings prerequisite and pays a fixed monthly benefit to all recipients. Plaintiff has applied for both forms of benefits. The law governing the determination of disability under either program is the same. <u>Haywood v. Sullivan</u>, 888 F.2d 1463, 1467 (5th Cir. 1989). The Commissioner has developed a five-step sequential evaluation to make the disability assessment:

1. The claimant must not be engaging in substantial gainful work activity.

2. The claimant must have a "severe" impairment as defined by <u>Stone v. Heckler</u>, 752 F.2d 1099, 1101 (5th Cir. 1985).

3. If the impairment meets or equals an impairment listed in Appendix 1 of the regulations the person will be considered disabled without consideration of vocational factors.

4. A claimant capable of performing his past relevant work is not disabled.

> 5. If a claimant cannot perform his past work, other factors including age, education, work experience, and residual functional capacity ("RFC") must be considered to determine if he can perform other work.

42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1520 (DIB); and 416.920 (SSI). The claimant has the burden on the first four steps of the analysis. Bowen v. Yuckert, 107 S.Ct. 2287, 2294 n. 5 (1987). The burden shifts to the Commissioner on the fifth step. Id. "A finding that a claimant is disabled or is not disabled at any point in the five-step review is conclusive and terminates the analysis." Lovelace v. Bowen, 813 F.2d 55, 58 (5th Cir. 1987).

**Standard of Review; Substantial Evidence**

This court's standard of review is (1) whether substantial evidence of record supports the ALJ's determination, and (2) whether the decision comports with relevant legal standards. Villa v. Sullivan, 895 F.2d 1019, 1021 (5th Cir. 1990). "Substantial evidence is more than a scintilla and less than a preponderance. It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Muse v. Sullivan, 925 F.2d 785, 789 (5th Cir. 1991). A finding of no substantial evidence is justified only if there are no credible evidentiary choices or medical findings which support the ALJ's determination. Johnson v. Bowen, 864 F.2d 340, 343-44 (5th Cir. 1988).

**Analysis**

The ALJ found at step one that Plaintiff has not engaged in substantial gainful activity since his alleged onset of disability. At step two, he found that Plaintiff was status post myocardial infarction and had coronary artery disease, impairments that are severe

within the meaning of the regulations (step two) but not severe enough to meet or equal a listed impairment (step three) that would require a finding of disabled without further analysis.

The ALJ next assessed Plaintiff's residual functional capacity ("RFC"), which is the most the claimant can still do despite his limitations. 20 C.F.R. §§ 404.1520(a)(4), 404.1545(a)(1). The claimant's RFC is used at steps four and five to determine if he can still do past relevant work or adjust to other jobs that exist in the national economy. 20 C.F.R. § 404.1520(e), 404.1545(a)(5).

The ALJ found that Plaintiff had the RFC to perform light work, except that he could never climb ladders, ropes, or scaffolds, and he could only occasionally balance, kneel, crouch, crawl, stoop, and climb ramps or stairs. Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. 20 C.F.R. §§ 404.1567(b) and 416.967(b). It also requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday. Social Security Ruling 83-10.

The ALJ then proceeded to step four, which asks whether the claimant can perform the demands of any of his past relevant work. To make this determination, the ALJ must assess "the physical and mental demands of the work [the applicant has] done in the past." 20 C.F.R. §§ 404.1520(e) and 416.920(e). If the applicant can still do that "kind of work," the ALJ will find that the applicant is not disabled. Id. This determination may rest on descriptions of past work as the claimant *actually* performed it or as the job is *generally* performed. For example, the ALJ may take notice of job data in the Dictionary of

Occupational Titles ("DOT"), which reflects the requirements of various jobs as generally performed in the national economy. Villa v. Sullivan, 895 F.2d 1019, 1022 (5th Cir. 1990); Social Security Ruling 82-61.

There are two sources of evidence about Plaintiff's past work: his hearing testimony and a form Plaintiff completed during the application process. The form is a Work History Report on which Plaintiff described two prior jobs. The most recent was at Tyson Foods, where he said he scale packed all day. He described the job as lifting boxes of chicken, all day and every day. Tr. 168. He described his job at a lumber company as "operating machines all day." When asked the lifting and carrying requirements of the job, he wrote, "lift lumber when belt broke & carried it 5ft every day off and on." He said the heaviest weight lifted was less than 10 pounds. Tr. 167.

Plaintiff retained a rehabilitation counselor, Silvio Reyes, Ph.D., who issued a two-page opinion before the hearing. Dr. Reyes stated that he had reviewed (unspecified) information from the case file. He classified the prior jobs, without explanation, as (1) stacker and sorter operator and (2) lumber handler. He wrote that he looked to the definitions of those jobs in the DOT and found that the first required medium exertional ability, and the lumber handler job was in the heavy category. He opined that Plaintiff could not return to either job based on the RFC that had been assigned during the administrative process. Tr. 194-95. (An earlier administrative finding assessed an RFC for light work, with some other limitations, similar to what the ALJ later assessed. Tr. 59-60.)

Plaintiff testified at the hearing that he worked as a scale packer for more than 10 years at Tyson Foods, and before that he was a "sizer operator" at a lumber company for about seven years. Tr. 35. He said the scale packer job required fast-paced one-handed lifting of heavy packages of meat. Tr. 40. The ALJ then turned to Ivory Youngblood, a vocational expert, who stated that he had reviewed the Work History Report but had some additional questions about the lumber mill job. The VE asked Plaintiff to give him an idea of what he did at the plant.

| | |
|---|---|
| Plaintiff: | It's a machine that separated lumber. He had about - - maybe about 13 bays that lumber come around - - different size lumber for each bay. And I more or likely, just watched the bays, let the - - when a bay get full, I let that bay down and go down to unhook the scraps (straps ?) and come back upstairs. |
| VE: | Okay, so it wasn't a lot of heavy lifting at all. It was just more inspection? |
| Plaintiff: | It was more like a lot of walking because you had to walk and - - to keep the bay - - checking on the bays and to make sure they are not overfilling and - - |
| VE: | Okay. |
| Plaintiff: | And back there was a - - it was kind of a machine that caused a lot of problems. It's a stressful job. You break down a lot and they don't want you to shut the machines down. Then they want you to continue to run. It's just real stressful. |

Tr. 46-47. That appears to be the extent of the evidence from Plaintiff about his past work. The VE testified that the past jobs were scaler packer, a job with medium exertional requirement, and sizer grader, which was light work. The ALJ posed a hypothetical

question about a person with Plaintiff's age, education, work experience and RFC. The VE testified that such a person could perform the demands of sizer grader, but he could not perform the demands of the poultry plant job. Tr. 47-48. The VE stated that his testimony was consistent with the DOT. Tr. 49.

Plaintiff argued in a post-hearing memorandum that the VE's classification of the past work as a sizer grader (DOT: 669.687-030) was incorrect and the job should be viewed as a "composite job" based on Plaintiff's testimony that he had to carry lumber. He argued that the job had aspects of a lumber handler (DOT: 922.687-070), which is classified at the heavy exertional level. Tr. 202. The ALJ acknowledged this argument and the opinion from Dr. Reyes in his decision. He found, however, that the VE's assessment during the hearing was "more accurate" because the VE had the opportunity to personally discuss the past work with the claimant, the VE was available for cross-examination, and Plaintiff's counsel had the opportunity at the hearing to expand Plaintiff's testimony about his job if needed. Tr. 24.

Plaintiff argues on appeal that his past work was really a composite job, so he is disabled unless he can perform the demands of both. Social Security Ruling 82-61 provides that composite jobs have significant elements of two or more occupations and, as such, have no counterpart in the DOT. Each situation will be evaluated according to its particular facts. For cases where available documentation and vocational resource materials are not sufficient to determine how a particular job is usually performed, it may be necessary to use the services of a VE. Brown v. Colvin, 2017 WL 384278, *3 (W.D. La. 2017).

The DOT's description of a sizer grader includes the inspection, grading, and marking of lumber. It also states that the worker, "May remove unsatisfactory pieces from conveyor or table and place pieces on stacks, and bins, or on carts." It is categorized as light work, requiring exerting up to 20 lbs. of force occasionally (up to one-third of the time) and up to 10 lbs. frequently (from one-third to two-thirds of the time). That is generally consistent with Plaintiff's statement on his report that he would, when a belt broke, lift lumber weighing less than 10 lbs. and carry it five feet. On the other hand, the heavy job of a lumber handler (DOT: 922.687-070) is described as stacking lumber on kiln cars in a yard, stacking lumber in a kiln, placing lumber on a conveyor for further processing, and the like. Alternate titles are lumber piler, racker, or stacker.

Social Security Ruling 82-61 contemplates that a VE may be consulted in a close case. That was done here. A VE reviewed Plaintiff's written description of his job and asked follow-up questions. There is ample evidence to support the VE's determination that Plaintiff's past work was a sizer grader and not a lumber handler or a composite of the two jobs. The description of the job by Plaintiff fits easily with the DOT description of a sizer grader, but it has only the slightest if any resemblance to the DOT description of a lumber handler. There is no evidence that Plaintiff ever had to engage in heavier lifting than described in his report, and it was reasonable for the VE and the ALJ to rely on that evidence.[1]

---

[1] The VE also identified three other unskilled light jobs—price marker, housekeeper, and cleaner polisher—that exist in significant numbers and that a claimant with Plaintiff's RFC and other factors could perform. Tr 48. The ALJ did not make an alternative step five finding, so the court will not attempt to use the testimony as an alternative basis for

Plaintiff argues that the ALJ should have, consistent with his duty to fairly develop the record, solicited additional testimony or evidence about the past job. A claimant who argues that the ALJ did not develop the record is not entitled to judicial relief unless he shows that further development could and would have adduced evidence that might have altered the result. Kane v. Heckler, 731 F.2d 1216, 1219-20 (5th Cir. 1984). The record reflects that the ALJ conducted a fair hearing and developed reasonable evidence of the multiple medical and occupational factors that were at issue. Plaintiff has not articulated any result-changing evidence that would have been brought forward by a more thorough hearing. Furthermore, Plaintiff was represented by counsel at the hearing, and counsel was given the opportunity to question Plaintiff and the VE. The ALJ conducted a reasonable hearing, and the results are supported by substantial evidence.

Accordingly,

**IT IS RECOMMENDED** that the Commissioner's decision to deny benefits be affirmed.

### Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another

---

affirming the decision. The Commissioner's decision must generally "stand or fall with the reasons set forth in the ALJ's decision, as adopted by the Appeals Council." Newton v. Apfel, 209 F.3d 448, 455 (5th Cir. 2000).

party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 13th day of February, 2018.

Mark L. Hornsby
U.S. Magistrate Judge